IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tiffany Williams a/k/a Tiffany Brown,<br><br>        Plaintiff,<br><br>v.<br><br>Leon Lott in his capacity as Sheriff of the Richland County Sheriff's Department and Joe Phillip Smith in his individual capacity,<br><br>        Defendants. | C/A No.: 3:19-cv-00595-JMC-SVH<br><br>**ANSWER**<br><br>**(Jury Trial Requested)** |

The Defendants Leon Lott in his capacity as Sheriff of the Richland County Sheriff's Department (hereinafter, "RCSD") and Joe Phillip Smith in his individual capacity, hereby answer the Plaintiff's Complaint as follows:

## **FOR A FIRST DEFENSE**

1.     The Summons and Complaint fails to state a claim upon which relief can be granted and therefore, this action should be dismissed against the Defendants pursuant to Fed.R.Civ.P. 12(b)(6).

## **FOR A SECOND DEFENSE**

2.     The Defendants deny each and every allegation of the Complaint not hereinafter specifically admitted, qualified, or explained.

3.     That as to Paragraph One (1) the Defendants lack sufficient information upon which to form a belief as to the truth and veracity of same, and therefore, deny same and demand strict proof thereof.

1

4. That as to Paragraphs Two (2), Three (3), Four (4), and Five (5), the Defendants only admits that at all relevant times in the Complaint, Sheriff Lott was a constitutional officer and thereby a state agency pursuant to the South Carolina Constitution and the Laws of the State of South Carolina. Moreover, the Defendants assert that his office constitutes a governmental entity as set forth pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.* and is under the jurisdiction of said Act. Further responding, the Defendants admit that the Defendant Smith was acting within the course and scope of his employment as a RCSD deputy and acting in the performance of his official duties at all times herein. Except as stated herein, the Defendants expressly deny these paragraphs and demand strict proof thereof.

5. That as to Paragraphs Six (6) and Eight (8), the Defendants deny same and demand strict proof thereof.

6. The first and third sentences of Paragraph Seven (7) are jurisdictional in nature, can neither be admitted nor denied, and the Defendants crave reference thereto. That as to the second sentence of Paragraph Seven (7), the Defendants admit same upon information and belief. The Defendants deny that any of the Plaintiff's causes of action are meritorious.

7. That as to Paragraphs Nine (9), Twenty-three (23), Twenty-nine (29), Thirty-six (36), Thirty-nine (39), Forty-five (45), Fifty (50), Fifty-three (53), Fifty-six (56), Sixty-three (63), and Seventy (70), the Defendants reassert and reallege all previous allegations and defenses.

8. That as to Paragraphs Ten (10) and Eleven (11), the Defendants only admit upon information and belief that on July 22, 2016, Charisse Brown reported to RCSD officials that Plaintiff had physically assaulted her at a residence located at 2511 Grant Street in Richland County, South Carolina. Except as stated herein, the Defendants deny same and demand strict proof thereof.

9.     That as to Paragraphs Twelve (12), Thirteen (13), Fourteen (14), and Fifteen (15), the Defendants only admit that during the relevant times, the Defendant Smith conducted a competent and thorough investigation regarding the July 22, 2016 event. Except as stated herein, the Defendants deny these paragraphs and demand strict proof thereof.

10.    That as to Paragraph Sixteen (16), the Defendants only admit that the Honorable Barbara Jo Wofford-Kanwat issued Arrest Warrant 2017A4010600011 against Plaintiff for the charge of Assault and Battery in the Third Degree. Except as stated herein, the Defendants deny same and demand strict proof thereof.

11.    That as to Paragraph Seventeen (17) and Fifty-nine (59), the Defendants generally admit same upon information and belief. The Defendants further admit that the arrest of the Plaintiff was effectuated pursuant to lawful authority and probable cause existed at all relevant times.

12.    That as to Paragraphs Eighteen (18), Nineteen (19), and Twenty (20), the Defendants deny same as stated. Further answering, the Defendants crave reference to the official court records regarding said hearing for the most accurate evidence of what is contained therein.

13.    That as to Paragraphs Twenty-one (21), Twenty-two (22), Twenty-five (25), Twenty-six (26), Twenty-seven (27), Twenty-eight (28), Thirty-two (32), Thirty-three (33), Thirty-four (34), Thirty-five (35), Thirty-seven (37), Thirty-eight (38), Forty (40), Forty-one (41), Forty-two (42), Forty-three (43), Forty-four (44), Forty-six (46), Forty-seven (47), Forty-eight (48), Forty-nine (49), Fifty-one (51), Fifty-two (52), Fifty-four (54), Fifty-five (55), Sixty (60), Sixty-one (61), Sixty-two (62), Sixty-four (64), Sixty-eight (68), Sixty-nine (69), and Seventy-one (71), the Defendants deny same and demand strict proof thereof.

14.    That as to Paragraphs Twenty-four (24), Thirty (30), and Thirty-one (31), the Plaintiff has set forth legal conclusions upon information and belief which can neither be

admitted nor denied and, therefore, the Defendants crave reference thereto. To the extent that these paragraphs contain factual allegations against the Defendants, the Defendants deny same and demand strict proof thereof.

15. That as to Paragraphs Fifty-seven (57), Fifty-eight (58), Sixty-five (65), Sixty-six (66), and Sixty-seven (67), the Defendants deny same as stated and demand strict proof thereof.

16. Any and all averments inconsistent with the foregoing are denied. Further, the Defendants assert that the Plaintiff is not entitled to the relief requested in the Complaint, or any other relief against the Defendants.

## FOR A THIRD DEFENSE

17. The Defendants allege that they are immune from suit and liability under the doctrine of sovereign immunity.

## FOR A FOURTH DEFENSE

18. The Defendants are entitled to immunity under *Long v. Seabrook* and its progeny.

## FOR A FIFTH DEFENSE

19. The Defendants allege that at all times herein that they were acting within the course and scope of their employment in a discretionary manner, in good faith, without bad faith or malicious motives in the performance of their official duties, and therefore, the Defendants are immune from suit.

## FOR A SIXTH DEFENSE

20. There is no joint and several liability against the Defendants, pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10, *et. seq.* (1976) as amended and, therefore, all references to joint and several liability should be stricken from the Plaintiff's Complaint.

**FOR A SEVENTH DEFENSE**

21. That as to the Plaintiff's cause of action for outrage or the intentional infliction of emotional distress, the Defendants allege that such claim is barred by the South Carolina Tort Claims Act, §15-78-30(f) of the South Carolina Code of Laws as amended.

**FOR AN EIGHTH DEFENSE**

22. Upon information and belief, some or all of the Plaintiff's claims are not ripe for adjudication.

**FOR A NINTH DEFENSE**

23. Some of the Plaintiff's claims are brought pursuant to state statutes that do not create a private right of action.

**FOR A TENTH DEFENSE**

24. The Defendants, upon information and belief, allege that any injuries or damages allegedly suffered by the Plaintiff, without admitting same to be true, were due to and caused entirely by the negligence of the Plaintiff which is more than the Defendants' negligence, and that such is a complete bar to the Plaintiff's recovery herein. Further, the Defendants, upon information and belief, allege that if the Plaintiff's negligence was less than the Defendants' negligence, that such negligence should be compared to that negligence of the Defendants, so as to apportion the relative fault as to each party.

**FOR AN ELEVENTH DEFENSE**

25. The Defendants allege, upon information and belief, that any injuries or damages allegedly suffered by the Plaintiff, without admitting same to be true, were due to and caused by the sole negligence, recklessness, willfulness, wantonness, carelessness, and gross negligence of the Plaintiff and were not caused by the Defendants, which sole negligence of the Plaintiff is a complete bar to the Plaintiff's attempt to recover herein.

**FOR A TWELFTH DEFENSE**

26. The Defendants allege, upon information and belief, that any alleged defamatory statements were made in accordance with an absolute privilege and, therefore, such claims of the Plaintiff are barred by such privilege.

**FOR A THIRTEENTH DEFENSE**

27. The Defendants allege, upon information and belief, that any alleged defamatory statements were made in accordance with qualified privilege and, therefore, such claims of the Plaintiff are barred by such privilege.

**FOR A FOURTEENTH DEFENSE**

28. As to the defamation cause of action, the Defendants assert truth as a defense, in that the statements and information available to them at the time of the relevant events were true to the best of the Defendants' knowledge, and there has been no conclusive showing that the statements at issue were false, nor that the Defendants knew or should have known they were false.

**FOR A FIFTEENTH DEFENSE**

29. The Defendants are immune from suit pursuant to pertinent portions of the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-10, *et seq.*, and specifically, § 15-78-60 (1), (2), (3), (4), (5), (6), (9), (20), and (23).

**FOR A SIXTEENTH DEFENSE**

30. The Defendant Smith at no time violated any clearly established constitutional rights which were known or should have been known to him, and therefore, is entitled to immunity.

**FOR A SEVENTEENTH DEFENSE**

31. The actions of the Defendant Smith were objectively reasonable in light of the existing law, and therefore, he is entitled to immunity.

WHEREFORE, having fully answered the Complaint of the Plaintiff, the Defendants pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

CROWE LAFAVE, LLC

BY: *s/ Robert D. Garfield*
ROBERT D. GARFIELD
Federal I.D. No. 7799
Post Office Box 1149
Columbia, South Carolina 29202
T: (803) 999-1225
F: (803) 848-8157
robert@crowelafave.com

*Counsel for the Defendants*

Columbia, South Carolina

March 5, 2019