IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tiffany Williams *also known as Tiffany Brown*, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>Leon Lott *in his capacity as Sheriff of the* )<br>*Richland County Sheriff's Department*; Joe )<br>Phillip Smith *in his individual capacity*, )<br>)<br>Defendants. )<br>_____ ) | C/A No.  3:19-cv-00595-JMC-SVH<br><br><br><br>**SCHEDULING ORDER** |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case.  Discovery may begin upon receipt of this order.

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **March 25, 2019**.[1]  At conference the parties shall confer concerning all matters set forth in Fed. R. Civ. P. 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary.[2]

2. No later than **April 8, 2019** the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[3]

3. No later than **April 8, 2019** the parties shall file a Rule 26(f) report in the form attached to this order.  Parties are hereby notified that Local Civil Rule 26.03 DSC lists additional queries to be answered in the Rule 26(f) Report.

4. Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(1)) shall be filed no later than **June 3, 2019**.

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge.  See attached Notice of Availability of United States Magistrate Judge.

[3] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures.  If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29 and Local Civil Rule 29.01 DSC.

a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **July 3, 2019**.

6. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **August 2, 2019**.

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **August 2, 2019**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3) DSC).

8. Discovery shall be completed no later than **October 1, 2019**. All discovery requests, including subpoenas *duces tecum*, shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02, and have had a telephone conference with Judge Hodges in an attempt to resolve the matter informally.

9. All other motions, except those to complete discovery and those nonwaivable motions made pursuant to Fed. R. Civ. P. 12 and those relating to the admissibility of evidence at trial, shall be filed on or before **October 16, 2019**. (Fed. R. Civ. P. 16(b)(2)).

10. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **December 16, 2019**. See Attached form setting forth mediation requirements. At least **thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. If the parties enter mediation, they are directed to complete the attached form and return it to the Court by no later than **October 1, 2019**.

**IT IS SO ORDERED.**

s/Shiva V. Hodges
Shiva V. Hodges
UNITED STATES MAGISTRATE JUDGE

March 5, 2019
Columbia, South Carolina

Pursuant to Local Civil Rule 83.I.08 DSC, this order is being sent to local counsel only.

Attachments:
 1) Rule 26(f) Report Form.
 2) Notice of Availability of United States Magistrate Judge.
 3) Mediation Requirements Form.

4) Mediation Form.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tiffany Williams *also known as Tiffany Brown*,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>Leon Lott *in his capacity as Sheriff of the*  )<br>*Richland County Sheriff's Department*; Joe  )<br>Phillip Smith *in his individual capacity,*  )<br>)<br>Defendants.  ) | C/A No.  3:19-cv-00595-JMC-SVH<br><br><br><br>**RULE 26(f) REPORT** |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

_____     We agree that the schedule set forth in the Conference and Scheduling Order filed _____ is appropriate for this case.  **The parties' proposed discovery plan as required by  Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

_____     We agree that the schedule set forth in the Conference and Scheduling Order filed _____ requires modification as set forth in the proposed Consent Amended Scheduling Order which will be -e-mailed to chambers as required (use format of the Court's standard scheduling order).  **The parties' proposed discovery plan as required by  Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

_____     We are unable, after consultation, to agree on a schedule for this case.  We, therefore, request a scheduling conference with the Court.  **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

(SIGNATURE PAGE ATTACHED)

PLAINTIFF(S)                                           DEFENDANT(S)

_____          _____
*Signature of Plaintiff's Counsel*                     *Signature of Defendant's Counsel*


_____          _____
*Printed Name of Plaintiff's Counsel*                  *Printed Name of Defendant's Counsel*
*and Party Represented*                                *and Party Represented*


_____          _____
*Signature of Plaintiff's Counsel*                     *Signature of Defendant's Counsel*


_____          _____
*Printed Name of Plaintiff's Counsel*                  *Printed Name of Defendant's Counsel*
*and Party Represented*                                *and Party Represented*


_____          _____
*Signature of Plaintiff's Counsel*                     *Signature of Defendant's Counsel*


_____          _____
*Printed Name of Plaintiff's Counsel*                  *Printed Name of Defendant's Counsel*
*and Party Represented*                                *and Party Represented*


_____          _____
*Signature of Plaintiff's Counsel*                     *Signature of Defendant's Counsel*


_____          _____
*Printed Name of Plaintiff's Counsel*                  *Printed Name of Defendant's Counsel*
*and Party Represented*                                *and Party Represented*


*Dated: _____*                        *Dated: _____*

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| Tiffany Williams *also known as Tiffany Brown*, <br>           Plaintiff, <br> v. <br> Leon Lott *in his capacity as Sheriff of the Richland County Sheriff's Department*; Joe Phillip Smith *in his individual capacity,* <br>           Defendants. | ) <br> ) <br> )   Civil Action No.  3:19-cv-00595-JMC-SVH <br> ) <br> ) <br> ) <br> ) |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability*. A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

Consent to a magistrate judge's authority. The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## Reference Order

**IT IS ORDERED**: This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____            _____

                                      District Judge's signature

                               _____

                                      Printed name and title

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

IN THE UNITED STATES DISTRICT COURT  )   MEDIATION REQUIREMENTS
FOR THE DISTRICT OF SOUTH CAROLINA  )

Mediation is to be scheduled and completed in all cases, including those cases involving unrepresented parties. Mediation shall be completed by the date indicated in the scheduling order.

Upon completion of the mediation, counsel shall advise the Court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is required.

The parties should select a mediator consistent with Local Rule 16.06 D.S.C. A roster of certified mediators is available from the Clerk of Court or may be accessed under the Mediation/ADR heading at http://www.scd.uscourts.gov/index.asp.

All parties and their lead trial counsel, having authority to settle and to adjust pre-existing settlement authority if necessary, are required to attend the mediation in person unless excused by the Court for good cause shown. Insurer representatives with decision-making authority also are required to attend in person, unless excused by the Court, if their agreement would be necessary to achieve a settlement. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered. At the mediation, parties, their insurer representatives and their primary trial counsel should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery should be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. See Local Rule 16.09 DSC.

This form has been provided to all counsel of record and to all pro se parties. Counsel are responsible for notifying and ensuring the presence of parties and insurer representatives as described above. If case has been mediated previously, counsel shall notify the Court immediately in writing.

Communications made in connection with or during the mediation are confidential and protected by Federal Rule of Evidence 408 and Federal Rule of Civil Procedure 68. If a settlement is not reached at mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge. See Local Rule 16.08(C) D.S.C.

If any reason exists why any party or counsel should not participate in this mediation, the Court is to be advised of these reasons in writing immediately.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Director, Danny Mullis, at (843) 579-1435.

                                                    Shiva V. Hodges
                                                    UNITED STATES MAGISTRATE JUDGE

**MEDIATION INITIATION FORM**

Case: <u>Williams v. Lott et. al.</u>

C/A No. 3:19-cv-00595-JMC-SVH

Please check the applicable box to indicate the status of the above referenced case:

❏ case settled prior to or without mediation

❏ case dismissed by court or pending ruling on summary judgment motion

❏ case to proceed to trial

❏ case continued to next term

   *OR*

❏ case will be or has been mediated *(complete the following information):*

Mediator Name: _____Mediator Phone No._____

Date Mediation Scheduled to Occur *or* Date Mediation Completed:_____

Submitted by:_____ Signature:_____
         *(Printed name of counsel)*

For which party?:_____ Date:_____
         *(Name of party counsel represents)*

Please fax completed form to Danny Mullis, ADR Program Director @ 843-579-1434 or mail to P.O. Box 835, Charleston, SC 29402.