IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kellen Brown, Administrator of the Estate of Tiffany Brown, ) ) ) Plaintiff, ) ) vs. ) ) Leon Lott, in his capacity as Sheriff of the Richland County Sheriff's Department, and Joe Phillip Smith, in his individual capacity, ) ) ) ) ) ) ) Defendants. ) ) | C/A No.: 0:19-595-JMC-SVH ORDER |

This suit concerns the allegedly improper arrest of Tiffany Brown ("Brown") on January 30, 2017, for assault and battery, third degree. [*See* ECF No. 1-1 ¶ 17]. This matter comes before the court on the motion to quash Plaintiff's deposition subpoena, submitted by the Honorable Barbara Wofford-Kanwat, a non-party to this suit, a Magistrate Court Judge within the State of South Carolina's Unified Judicial System, and the judge who issued the arrest warrant for Brown based on information she received from Joe Phillip Smith ("Smith"), the prosecuting officer in the underlying criminal matter. [ECF No. 32].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule

73.02(B)(2)(f) (D.S.C.). For the following reasons, the undersigned grants the motion.

Plaintiff seeks to take Judge Wofford-Kanwat's deposition concerning the following questions:

> 1. Does the arrest warrant ("Warrant") attached as Exhibit A appear to be a true and correct copy of the arrest warrant sought from you by Joe Phillip Smith ("Smith") as against Tiffany Williams for Assault and Battery 3rd Degree on or about January 9, 2017; if not, please explain why?
>
> 2. Does the warrant worksheet ("Worksheet") attached as Exhibit B appear to be a true and correct copy of the worksheet accompanying the Warrant with notations; if not, please explain why?
>
> 3. Do the written notations ("Notations") contained on the Worksheet appear to be true and correct Notations created by yourself at or about the time Smith provided sworn testimony pursuant to his request for the Warrant; if not, please explain why?
>
> 4. Is it your habit or routine to make notations of exculpatory testimony of a sworn Witness on warrant worksheets; if not, please explain why?
>
> 5. Do you recognize any exculpatory statement Notations on the Worksheet as made by Smith? If no, is the absence of any exculpatory statement Notations an indication that Smith did not present any exculpatory evidence in his sworn testimony pursuant to his request for an arrest warrant; if not, please explain why?

[ECF No 32-2 at 7; ECF No. 33 at 3].

The Supreme Court of South Carolina has addressed the issue currently before the court *In re Whetstone*, 580 S.E.2d 447 (S.C. 2003). In *Whetstone*, a former circuit court judge moved to quash a subpoena requiring him to testify

in a hearing about a case over which the judge had previously presided. The court held a judge cannot be compelled "to testify regarding a case in which he previously presided unless the testimony is: 1) critical; and 2) can be obtained by no other means," and further held that there was "[n]o relevant need for Whetstone's testimony" sufficient to overcome " the presumption judges should not be called to testify regarding matters from a case over which they previously presided." *Id.* at 448–49; *see also United States v. Dowdy*, 440 F. Supp. 894, 896 (W.D. Va. 1977) ("courts have refused to issue subpoenas for oral testimony of the decision-makers as to the basis for their opinions absent extreme and extraordinary circumstances").

Here, Plaintiff seeks information from Judge Wofford-Kanwat concerning the information she received from Smith and relied upon for purposes of establishing probable cause in the underlying criminal matter against Brown. More specially, it is Plaintiff's contention based on the general practices of both Smith and Judge Wofford-Kanwat, that Smith did not inform Judge Wofford-Kanwat of exculpatory allegations of which he was aware in seeking the arrest warrant. [*See* ECF No. 33 at 1–3].

Regarding the applicable *Whetstone* test, here, the relevant documents already in Plaintiff's possession, the arrest warrant affidavit, arrest warrant, and warrant worksheet, are the best evidence for the questioning sought by counsel. *See State v. Talbert*, 19 S.E. 852 (S.C. 1892) (finding a judge should

3

not testify about the issuance of an arrest warrant because the arrest warrant itself was the best evidence of the fact sought). Further, Smith is available to testify regarding the information he conveyed to Judge Wofford-Kanwat with respect to the issuance of the arrest warrant.

Plaintiff makes a number of arguments in opposition. First, Plaintiff argues the requests are extremely limited and "almost exclusively concern record keeping measures." [ECF No. 33 at 5]. The undersigned rejects this argument. Plaintiff's questions concerning the authenticity of the arrest warrant and related documents, although doubtless critical to Plaintiff's case, can be obtained by other means such as obtaining certified copies of the documents or through the deposition testimony of Smith.

Plaintiff additionally argues that these requests do not seek Judge Wofford-Kanwat's mental processes and are only aimed at obtaining information she obtained from Smith. *Id.* Plaintiff argues "the records of Smith's material disclosures to Movant are critical to presenting his case as against Smith and defending against forthcoming defenses of qualified immunity," and, that "in light of Smith's lack of certainty in what was disclosed to Movant in seeking Tiffany's Arrest Warrant, Movant is the only other witness available to answer these Requests and so the information can not be obtained by any other means at this time." *Id.*[1] Plaintiff cites no case law in

---

[1] Smith has testified that he would have informed Judge Wofford-Kanwat, as

4

support.

Plaintiff's questions inquire primarily about whether Judge Wofford-Kanwat normally recorded exculpatory testimony on warrant worksheets and whether a lack of such recording in this case means no such testimony was provided. Although Plaintiff tries to classify it otherwise, she seeks Judge Wofford-Kanwat's mental impressions and mental processes concerning the arrest warrant she executed on January 9, 2017. *See Dowdy*, 440 F. Supp. at 896 (holding that where the record provides support for the trial court's decision, "an examination into the mental processes of the judge will not be allowed"); *see also Hensley v. Alcon Labs., Inc.*, 197 F. Supp. 2d 548, 550 (S.D.W. Va. 2002) ("Absent a showing of extraordinary need, a judge may not be compelled to testify about matters observed as the consequence of the performance of his official duties."). Therefore, the court grants the motion to quash Plaintiff's deposition subpoena.

IT IS SO ORDERED.

*Shiva V. Hodges*

September 21, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

a matter of practice, before securing the arrest warrant about "the different accounts of what took place" from others, but could not recall specifically providing any account that another person, not Brown, was the aggressor other than what was contained in the narrative of the affidavit. [ECF No. 33-1 at 62:1–24].