

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| KELLEN BROWN, *Administrator of the Estate of Tiffany Brown*, § § | |
| Plaintiff, § § | |
| vs. § | CIVIL ACTION 3:19-595-MGL |
| § | |
| LEON LOTT, *in his capacity as Sheriff of Richland County Sheriff's Department*, and JOE PHILLIP SMITH, *in his individual capacity*, § § § § § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AS TO PLAINTIFF'S GROSS NEGLIGENCE AND RECKLESSNESS CLAIM
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AS TO THAT CLAIM**

**I.     INTRODUCTION**

Tiffany Brown (Tiffany) originally filed this matter in the Richard County Court of Common Pleas against Defendants Leon Lott (Lott), in his capacity as Sheriff of Richland County Sheriff's Department, and Joe Phillip Smith (Smith), in his individual capacity (collectively, Defendants). Tiffany asserted claims based on purported violations of both her constitutional rights and of state law related to her allegedly unlawful arrest in January 2019. Defendants subsequently removed the case to this Court.

After Tiffany died, Plaintiff Kellen Brown (Kellen), the Administrator of her Estate, was substituted in her place in this lawsuit.

## II.     FACTUAL AND PROCEDURAL HISTORY

The procedural history in this case is quite different than most others. The Magistrate Judge initially filed a Report and Recommendation (Report) suggesting Defendants' motion for summary judgment be granted as to all Kellen's claims. As more fully explained below, the matter is before the Court today for the sole purpose of considering the Magistrate Judge's recommendation the Court grant Defendants' motion for summary judgment as to Kellen's gross negligence and recklessness claim against them. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The case was initially assigned to Judge Michelle Childs. After the Magistrate Judge filed a Report suggesting she grant Defendants' motion for summary judgment as to all Kellen's claims, Kellen filed objections and Defendants filed a reply.

After Judge Childs adopted the Report and entered judgment in favor of Defendants, Kellen appealed the judgment to the Fourth Circuit. Thereafter, the Fourth Circuit affirmed the dismissal of several of Kellen's claims, but "conclude[d] . . . the following state claims were not adequately reviewed de novo by the district court: gross negligence and recklessness, intentional infliction of emotional distress, state malicious prosecution, defamation, and negligent hiring, training, retention, and supervision." *Brown v. Lott*, No. 21-6928, 2022 WL 2093849, at *3 (4th Cir. 2022). "Accordingly, [the Fourth Circuit] vacate[d] the portions of the district court's order granting

2

summary judgment on the state law claims listed above and remand[ed] for de novo review of the [M]agistrate [J]udge's report and recommendation." *Id*. at *4. Thereafter, the Clerk assigned the matter to this Court.

The parties subsequently filed an amended consent stipulation of dismissal, with prejudice, as to all the above-listed remaining claims, except Kellen's gross negligence and recklessness claim against Lott.

The factual history in this case, like the procedural history, is also quite different than most others. Here is a brief recitation of the relevant background facts:

> [t]he fiancé and ex-wife of the same man had a fight. The ex-wife reported the fight to law enforcement and sought charges against the fiancé, who was arrested. The fiancé sued law enforcement, died during the pendency of this action, and the man-in-common substituted for her estate in the case, arguing law enforcement should not have believed his ex-wife.

Report at 2. Tiffany is the fiancé, Charisse Brown (Charisse) is the ex-wife, and the man-in-common, and the one substituted for Tiffany's estate, is Kellen. Smith, an officer in Lott's Richland County Sheriff's Department, was assigned to investigate the fight between the two women.

### III.  DISCUSSION AND ANALYSIS

As to Kellen's gross negligence and recklessness claim, the Magistrate Judge concluded "summary judgment is appropriate on [Kellen's] negligence-based claim. First, [Kellen's] only response to Defendants' motion for summary judgment on this claim is that 'Kellen . . . does have a recognizable claim for negligent investigation.'" [Kellen's Response to Defendants' Motion for Summary Judgment at 13]." Report at 24-25. "Second," the Magistrate Judge stated, "review of the record does not indicate . . . that Smith failed in his duty to act reasonably in his interactions." *Id*. at 25.

3

Kellen "objects to the Report's characterization that [he] failed to properly set forth the facts as to [the] negligence claim in opposition to Defendant's motion for summary judgment[.]" Objections at 15.  He then presents seven separate arguments in his objections, which the Court will consider below.

Kennel failed to directly present these arguments to the Magistrate Judge.  Nevertheless, "as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the [Magistrate Judge]." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (footnote omitted).  This is so because, "[b]y definition, de novo review entails consideration of an issue as if it had not been decided previously.  It follows, therefore, that the party entitled to de novo review must be permitted to raise before the [C]ourt any argument as to that issue that it could have raised before the [Magistrate Judge]." *Id*.

Before the Court discusses Kellen's objections, however, it must briefly discuss the maxim or doctrine of respondeat superior.  Although Kellen fails to say so in is objections, the Court assumes he wishes for the Court to consider he has brought some of his negligence claims under this maxim.

"[T]he maxim, respondeat superior. . . . [is] said . . . to be bottomed on this principle, that he who expects to derive advantage from an act which is done by another for him, must answer for any injury which a third person may sustain from it." *New York Cent. R. Co. v. White*, 243 U.S. 188, 204 (U.S. 1917) (citation omitted) (internal quotation marks omitted).

In Kellen's objections below, his allegations of negligence are directed either to "Defendants" or "Smith."  Thus, when he refers to Defendants, the Court will consider the claim to be against Lott individually and in a respondent superior role to any purported gross negligence and

4

recklessness by Smith.  It will also apply the respondent superior maxim to all the gross negligence and recklessness claims Kellen makes just against Smith.

Again, the only cause of action left in this lawsuit is Kellen's gross negligence and recklessness claim against Lott.  The terms "gross negligence" and "recklessness" are synonymous. *See Rabalais v. Nash*, 952 So.2d 653, 658 (La. 2007) ("There is often no clear distinction between such willful, wanton, or reckless conduct and gross negligence, and the two have tended to merge and take on the same meaning." (citation omitted) (internal quotation and alteration marks omitted)).

"Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." *Etheredge v. Richland School Dist. One*, 534 S.E.2d 275, 277 (S.C., 2000).  "It is the failure to exercise slight care." *Id*. "Gross negligence has also been defined as a relative term, and means the absence of care that is necessary under the circumstances." *Id*."

The law also provides "one who assumes to act, even though under no obligation to do so, may become subject to the duty to act with due care." *Crowley v. Spivey*, 329 S.E.2d 774, 780 (S.C. Ct. App. 1985).  "In a negligence action, a law enforcement officer is held to the standard of care that a reasonably prudent person would exercise in the discharge of official duties of a like nature under like circumstances." *Best v. Duke University*, 448 S.E.2d 506, 511  (N.C. 1994).

Although "gross negligence ordinarily is a mixed question of law and fact, when the evidence supports but one reasonable inference, the question becomes a matter of law for the [C]ourt." *Etheredge*, 534 S.E.2d at 277.

Turning now to Kellen's seven arguments, first, he maintains, "to the extent that this Court inquires into the sufficiency of [Kellen's] negligence claims, . . . [Kellen] has pleaded . . . Defendants owed a duty to [Tiffany] not to infringe upon her constitutional rights. . . , not to

5

unlawfully detain, arrest, charge, cause to be incarcerated and/or, otherwise, deprive her of liberty without sufficient cause[.]" *Id* at 16.

On the issue of "probable cause," or what Kellen refers to as "sufficient cause," the Fourth Circuit stated that "Smith was in possession of Charisse's statement, which was supported by her and Kellen's nine-year-old son's statement, as well as photographs of Charisse's injuries. Smith also had Tiffany's statement, which not surprisingly disputed her responsibility for the fight." *Brown*, 2022 WL 2093849, at *2. Consequently, the Fourth Circuit "[found] . . . this evidence easily supports a finding of probable cause. *See Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir. 1991) ("It is surely reasonable for a police officer to base his belief in probable cause on a victim's reliable identification of his attacker.")." *Id*.

Consequently, inasmuch as the Fourth Circuit held there was probable cause "to . . . detain, arrest, charge, cause to be incarcerated and/or, otherwise, deprive Tiffany of liberty[,]" Objections at 16, such that doing so was lawful, the Court will overrule Kellen's objection Defendants lacked "sufficient cause" to do so.

Second, Kellen contends "[1] Defendants owed a duty to [Tiffany] to properly investigate the Incident and/or [2] not seek a warrant upon the intentional omission of relevant facts and/or [3] discontinue prosecution upon the refutation of [Tiffany's] culpability[.]" Objections at 16.

As to the proper investigation claim, although the Court is of the opinion Smith could have conducted a more thorough investigation, as the Fourth Circuit observed, "[e]ven given a more detailed picture of the relationship and history of the parties, a reasonable person could still have believed that Tiffany assaulted Charisse." *Brown*, 2022 WL 2093849, at *2. The Fourth Circuit further held

> Smith did not ignore any exculpatory evidence as the existence of other witnesses was, at most, an exculpatory lead. . . . Smith could reasonably have believed that the witnesses inside the house would not add anything relevant to his investigation. Moreover, even had

6

> Smith obtained the statements of the other witnesses, Smith would still have been faced with conflicting statements, and Charisse and her son's statement would have still supported probable cause, as probable cause deals with probabilities, not certainty. Further, Charisse's history of physical altercations and threatening behavior, . . . would not defeat probable cause. Accordingly, the district court correctly found that, as a matter of law, Smith did not violate a duty to investigate. Thus, summary judgment was properly granted on any constitutional claim resting on that alleged duty.

*Id.* at *3 (citation omitted).

Although the Fourth Circuit was discussing the duty to investigate as a constitutional claim, as opposed to a gross negligence one, the analysis is much the same: Again, "[e]ven given a more detailed picture of the relationship and history of the parties, a reasonable person could still have believed that Tiffany assaulted Charisse." *Id*. at *2. Furthermore, "Smith could reasonably have believed that the witnesses inside the house would not add anything relevant to his investigation. Moreover, even had Smith obtained the statements of the other witnesses, Smith would still have been faced with conflicting statements[.]" *Id*. at *3.

Accordingly, the Court is unable to say Smith "fail[ed] to exercise slight care[,]" *Etheredge*, 534 S.E.2d at 277, or that he failed to exercise the "care that is necessary under the circumstances," *id*. There is also absent from the record any evidence he intentionally omitted any relevant facts such that Kellen can establish gross negligence.

Regarding the discontinue-prosecution argument, Kellen has dismissed his state malicious prosecution claim. Thus, this argument was effectively dismissed with it.

Accordingly, for all these reasons, the Court will also overrule this objection.

Third, Kellen maintains "Defendants failed in their duties when they caused [Tiffany] to be unlawfully detained, arrested, charged, incarcerated, prosecuted and, otherwise, deprived of her right to liberty without sufficient cause." Objections at 16.

This objection is almost verbatim what Kellen argues in his first objection. Therefore, for the same reasons the Court overruled Kellen's first objection, the Court will overrule this objection, too.

Fourth, Kellen states "Smith failed in his duty to act reasonably when Smith failed to interview multiple readily available witnesses who would have provided exculpatory evidence." *Id*. According to Kellen, "Smith was aware that there were other witnesses available who would dispute Charisse's account of the incident and that those witnesses would have been helpful to his investigation as well as important and relevant for Smith to investigate whether they had information that disagreed with Charisse's account of events." *Id*.

The Court agrees Smith could have interviewed additional witnesses. But, the Court declines Kellen's invitation to say his failure to do so was unreasonable under the circumstances or that it amounts to an absence of slight care. Thus, for the same reasons the Court enumerated for overruling Kellen's second objection concerning Smith's duty to investigate the fight between Tiffany and Charisse, it will overrule this objection, as well.

Fifth, Kellen argues "Smith's own testimony supports the conclusion that a reasonable officer would have investigated the potentiality of additional witnesses, especially where those witnesses did not present as much bias as the only witnesses available to Smith." *Id*. at 17.

The Court has already agreed Smith could have interviewed other witnesses. But, as the Court has also explained, it is unpersuaded his failure to do so rises to the level of gross negligence. Hence, the Court must also overrule this objection.

Sixth, Kellen alleges "Smith's reliance on his totality of circumstances to base his decision on only the information received from Minor's forensic interview and Charisse was incomplete, blindly selective in nature and, with the failure to investigate, was negligent." *Id*. (internal quotation marks omitted).

Concerning the Minor's statement Tiffany was the aggressor in the fight between she and Charisse, as the Magistrate Judge stated, "the record is devoid of any evidence or argument that Smith had reason to question Minor's credibility." Report at 15. And, as to Charisse, "it is difficult to imagine how a police officer could obtain better evidence of probable cause than an identification by name of assailants provided by a victim, unless, perchance, the officer were to witness the crime himself." *Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir. 1991).

That said, as the Court has already stated three times, Smith could have conducted a more thorough investigation and/or interviewed additional witnesses. But again, Kellen has failed to convince the Court his failure to do so was unreasonable or that it amounts to an absence of slight care such that he is able to establish a gross negligence here. As such, the Court will overrule this objection, too.

Seventh, Kellen claims "[t]he Report wrongly recommends that summary judgment be granted as to [Kellen's] claim against Smith for gross negligence where Defendants' motion for summary judgment has been disposed of solely on their legal attacks on [Kellen's] claim and Smith, otherwise, failed to maintain a proper investigation by ignoring exculpatory evidence and making arbitrary conclusions based on insufficient facts such that [Tiffany] was wrongly arrested and prosecuted and [Kellen's] claim for negligence should survive." Objections at 17.

The Court has rejected the failure to maintain a proper investigation argument above. This includes the allegations Smith ignored exculpatory evidence and made arbitrary conclusions based on insufficient facts.

Additionally, as the Court stated above, Kellen is unable to show Tiffany was wrongly arrested inasmuch as Smith had probable cause to do so. And Kellen has dismissed his state malicious prosecution claim. Accordingly, this objection must be overruled, as well.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Kellen's objections, adopts the Report as to Kellen's gross negligence and recklessness claim to the extent it does not contradict this Order, and incorporates it herein.

It is therefore the judgment of the Court Defendants' motion for summary judgment as to Kellen's gross negligence and recklessness claim is **GRANTED**.

Accordingly, Kellen's motion to remand is necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 5th day of December, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
